*Seghers* for the plaintiffs, *Morse* for the defendants.

### QUICK vs. JOHNSON.

The confession of the party cannot be divided, but the evidence resulting from it may be destroyed or weakened, in part or the whole, by other evidence.

APPEAL from the court of the parish and city of New-Orleans.

PORTER. J. delivered the opinion of the court. The plaintiff claims from the defendant the sum of $2423; $1500 of which is stated to be due, as the price of the interest in one-fourth of the steam boat Enterprize, sold him, and the balance for work and labor done by the plaintiff on board the said boat.

The defendant pleaded the general issue and set up a claim in reconvention. The cause, was submitted to a jury, who found a verdict n favor of the plaintiff for $1610 62 cents.— The court gave judgment conformably to the verdict, and the defendant appealed.

There was a bill of exceptions taken on the trial which it is unnecessary to examine, as it was admitted in argument, that the verdict of the jury was not affected by the evidence suffered to go to them.

The cause presents no question of law, except one which arises out of the particular species of proof relied on by the plaintiff to support his case. It consists, in part, of confessions made by the defendant of the purchase of the boat, and he contends, these confessions were accompanied with assertions which shew he had paid for her, or rather for the share in her which he purchased.

The rule contended for by the appellant is correct. Confessions must be taken together, but when extra judicial, as in this case, the weight of evidence by which they may be rebutted, depends on all the circumstances of the case, as disclosed by the testimony.

We have examined with attention the evidence, which is too long to be given here in detail, and we do not think the jury erred in the conclusion they drew from it.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed, with costs.

*Preston* for the plaintiff, *Carleton* for the defendant.

*WINTER* vs. *DONALDSONVILLE.*

Eastern Dist.
*March,* 1828.

If the peti-
tion contains
sufficient
matter to
support the
action, a
continuance
is improperly
denied to the
plaintiff [who
swears the
absent wit-
ness will
prove all the
facts alled-
ed] on the
ground of
their incom-
petency.

APPEAL from the court of the second district.

It appears that William Donaldson, in the
year 1806, or 1807, being then owner of the
land at the mouth of the La-Fourche, on
which the town of Donaldsonville is now si-
tuated, had a survey made of the rural estate
thus possessed by him, divided it into lots,
squares, and streets, and deposited the plan
in the office of the parish judge. Immediate-
ly after making this survey, he sold lots accord-
ing to the designation given them in the plat,
and it does not appear in evidence that any
change was afterwards made by him in regard
to this property, or that he even attempted to
use it as a plantation.

*Watts* for the plaintiff, *Ripley* for the defendant.